1   John E. Lord (Bar No. 216111)
    jlord@onellp.com
2   **ONE LLP**
    301 Arizona Avenue, Suite 250
3   Santa Monica, CA 90401
    Phone:  (310) 954-9497
4
    Peter R. Afrasiabi, Esq. (Bar No. 193336)
5   pafrasiabi@onellp.com
    **ONE LLP**
6   4000 MacArthur Blvd.
    West Tower, Suite 1100
7   Newport Beach, CA 92660
    Phone:  (949) 502-2870
8
    *Attorneys for Plaintiff, Mavrix Photo, Inc.*
9
    Craig J. Mariam (Bar No. 225280)
10  Kirstie M. Simmerman (Bar No. 260049)
    **Gordon & Rees LLP**
11  633 W. 5th Street, 52nd Floor
    Los Angeles, CA  90071
12
    *Attorney for Defendants,*
13  *GG Digital, Inc.*

14

15                 **UNITED STATES DISTRICT COURT**

16                 **CENTRAL DISTRICT OF CALIFORNIA**

17

18  MAVRIX PHOTO, INC., a Florida          Case No. SACV12-00435 JST (JPRx)
    corporation,
19                                          **STIPULATED PROTECTIVE ORDER**
            Plaintiff,                      ~~[PROPOSED]~~
20                      v.
                                            **DISCOVERY MATTER**
21  GG DIGITAL, INC., a Delaware
    corporation; and DOES 1-10 INCLUSIVE,
22
            Defendants.
23

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

    20804.2
    ─────────────────────────────────────────────────
                    STIPULATED PROTECTIVE ORDER

1      STIPULATION REGARDING CONFIDENTIAL INFORMATION

2    1.      PURPOSES AND LIMITATIONS

3           Disclosure and discovery activity in this action are likely to involve production of

4    confidential, proprietary, or private information for which special protection from public

5    disclosure and from use for any purpose other than prosecuting this litigation may be

6    warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

7    following Stipulated Protective Order. The parties acknowledge that this Order does not

8    confer blanket protections on all disclosures or responses to discovery and that the

9    protection it affords from public disclosure and use extends only to the limited information

10   or items that are entitled to confidential treatment under the applicable legal principles. The

11   parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated

12   Protective Order does not entitle them to file confidential information under seal; Civil

13   Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and

14   the standards that will be applied when a party seeks permission from the court to file

15   material under seal.

16

17   2.      DEFINITIONS

18           2.1     Challenging Party:  a Party or Non-Party that challenges the designation of

19   information or items under this Order.

20           2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it

21   is generated, stored or maintained) or tangible things that contain proprietary business or

22   personal information of a party (or of a third person whose information the party is under a

23   duty to maintain in confidence).  Disclosure or Discovery Material containing Confidential

24   Information may be designated "CONFIDENTIAL."

25           2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel

26   (as well as their support staff).

27

28

**STIPULATED PROTECTIVE ORDER**

2.4   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL AND/OR ATTORNEYS EYES ONLY."

2.5   <u>Disclosure or Discovery Material</u>:  all items or information, such as oral, written, documentary, testimony, tangible, intangible, electronic, or digitized, now or hereafter, that are produced or generated in disclosures or responses to discovery in this matter, including material or information produced by non-parties if they so request.

2.6   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, provided that prior to such disclosure the identities of such experts or consultants are disclosed to the Designating Party, including a copy of the Expert's resume and consulting/testifying history for the past five years, and the Designating Party has fourteen (14) days to object, and provided that such experts or consultants shall execute an undertaking in the form set forth in Exhibit A.

2.7   <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8   <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party (presently, One, LLP for plaintiff Mavrix Photo, Inc. and Gordon & Rees LLP for defendant GG Digital, Inc.).

2.10   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

1    2.12  <u>Professional Vendors</u>:  persons or entities that provide litigation support
2    services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations,
3    and organizing, storing, or retrieving data in any form or medium) and their employees and
4    subcontractors.

5    2.13  <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as
6    "CONFIDENTIAL AND/OR ATTORNEYS EYES ONLY."

7    2.14  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from
8    a Producing Party.

9    2.15  <u>"Attorneys' Eyes Only"</u>: extremely sensitive CONFIDENTIAL information,
10   disclosure of which to another Party or Non-Party would create substantial risk of harm that
11   could not be avoided by less restrictive means.  Relevant examples of such "Attorneys Eyes
12   Only" information may include, without limitation, currently competitive trade secrets,
13   minutes of Board meetings, pricing data, financial data, sales information, customer-
14   confidential information, agreements or relationships with non-parties, market projections
15   or forecasts, strategic business plans, selling or marketing strategies, or information about
16   employees.

17

18   3.    <u>SCOPE</u>

19        The protections conferred by this Stipulation and Order cover not only Protected
20   Material (as defined above), but also (1) any information copied or extracted from
21   Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected
22   Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel
23   that might reveal Protected Material. However, the protections conferred by this Stipulation
24   and Order do not cover the following information: (a) any information that is in the public
25   domain at the time of disclosure to a Receiving Party or becomes part of the public domain
26   after its disclosure to a Receiving Party as a result of publication not involving a violation
27   of this Order, including becoming part of the public record through trial or otherwise; and
28   (b) any information known to the Receiving Party prior to the disclosure or obtained by the

20804.2                                        4

1   Receiving Party after the disclosure from a source who obtained the information lawfully

2   and under no obligation of confidentiality to the Designating Party. Any use of Protected

3   Material at trial shall be governed by a separate agreement or order.

4

5   4.   DURATION

6   Even after final disposition of this litigation, the confidentiality obligations imposed

7   by this Order shall remain in effect until a Designating Party agrees otherwise in writing or

8   a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

9   dismissal of all claims and defenses in this action, with or without prejudice; and (2) final

10  judgment herein after the completion and exhaustion of all appeals, rehearings, remands,

11  trials, or reviews of this action, including the time limits for filing any motions or

12  applications for extension of time pursuant to applicable law.

13

14  5.   DESIGNATING PROTECTED MATERIAL

15  5.1   Exercise of Restraint and Care in Designating Material for Protection. Each

16  Party or Non-Party that designates information or items for protection under this Order

17  must take care to limit any such designation to specific material that qualifies under the

18  appropriate standards. The Designating Party must designate for protection only those parts

19  of material, documents, items, or oral or written communications that qualify – so that

20  other portions of the material, documents, items, or communications for which protection is

21  not warranted are not swept unjustifiably within the ambit of this Order.

22  If it comes to a Designating Party's attention that information or items that it

23  designated for protection do not qualify for protection, that Designating Party must

24  promptly notify all other Parties that it is withdrawing the mistaken designation.

25  5.2   Manner and Timing of Designations.  Except as otherwise provided in this

26  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

27  ordered, Disclosure or Discovery Material that qualifies for protection under this Order

28  must be clearly so designated before the material is disclosed or produced.

20804.2

5

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL AND/OR ATTORNEYS EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL AND/OR ATTORNEYS EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL AND/OR ATTORNEYS EYES ONLY" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identifies on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  This provision does not apply to any court proceedings.  At the time of any such proceeding, the parties must seek guidance from the judicial officer assigned to this case on how the use of protected material in such proceedings will be handled.

Deposition testimony may be treated as "CONFIDENTIAL AND/OR ATTORNEYS EYES ONLY" during the deposition, as the Designating Party may direct, and the transcript of the designated testimony shall be transcribed on separate pages and so marked

by the reporter.  A Designating Party also may so designate portions of the deposition after the transcription is produced and shall have twenty (20) days after receipt of such deposition transcript to advise the Receiving Party, in writing, of the portions of the deposition transcript that are to be designated as "CONFIDENTIAL AND/OR ATTORNEYS EYES ONLY" after which period the right to make such designations shall be waived.

The Designating Party may exclude any person from a deposition, other than those to whom Confidential Information may be disclosed pursuant to this Order.  Failure of such person(s) to comply with the request hereunder shall constitute substantial justification for counsel to advise the witness to refrain from answering the question seeking to reveal Confidential Information.

(c)  <u>for information produced in some form other than documentary and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL AND/OR ATTORNEYS EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 or 37 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in

**STIPULATED PROTECTIVE ORDER**

1  this Order. When the litigation has been terminated, a Receiving Party must comply with
2  the provisions of section 13 below (FINAL DISPOSITION).

3      Protected Material must be stored and maintained by a Receiving Party at a location
4  and in a secure manner that ensures that access is limited to the persons authorized under
5  this Order.

6      7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
7  ordered by the court or permitted in writing by the Designating Party, a Receiving Party
8  may disclose any information or item designated "CONFIDENTIAL" only to:

9      (a)  the Receiving Party's Outside Counsel of Record in this action, as well as
10  employees of said Outside Counsel of Record to whom it is reasonably necessary to
11  disclose the information for this litigation;

12     (b)  the officers, directors, and employees (including House Counsel) of the
13  Receiving Party to whom disclosure is reasonably necessary for this litigation, and who
14  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15     (c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is
16  reasonably necessary for this litigation and who have signed the "Acknowledgment and
17  Agreement to Be Bound" (Exhibit A);

18     (d)  the court and its personnel;

19     (e)  court reporters and their staff, professional jury or trial consultants, mock jurors,
20  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and
21  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22     (f)  during their depositions, witnesses in the action to whom disclosure is reasonably
23  necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
24  (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.
25  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected
26  Material must be separately bound by the court reporter and may not be disclosed to
27  anyone except as permitted under this Stipulated Protective Order.

28

20804.2                                   9

**STIPULATED PROTECTIVE ORDER**

1      (g)  the author or recipient of a document containing the information or a custodian
2  or other person who otherwise possessed or knew the information.

3      7.3   <u>Disclosure of "ATTORNEYS EYES ONLY" Information or Items</u>.  Unless
4  otherwise ordered by the court or permitted in writing by the Designating Party, a
5  Receiving Party may disclose any information or item designated "ATTORNEYS EYES
6  ONLY" only to the categories of persons identified in subparagraphs 2.7 2.9, 2.12, and the
7  Court and its personnel.  With respect to subparagraph 2.7, disclosure shall be limited to
8  two (2) in-house counsel for the parties.

9      7.4   Copies of the "Acknowledgment and Agreement to be Bound" forms required
10  under subparagraphs 7.2 and 7.3 shall be promptly served on the Producing Party.

11

12  8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>
13      <u>OTHER LITIGATION</u>

14      If a Party is served with a subpoena or a court order issued in other litigation that
15  compels disclosure of any information or items designated in this action as
16  "CONFIDENTIAL," that Party must:

17      (a)  promptly notify in writing the Designating Party. Such notification shall include
18  a copy of the subpoena or court order;

19      (b)  promptly notify in writing the party who caused the subpoena or order to issue in
20  the other litigation that some or all of the material covered by the subpoena or order is
21  subject to this Protective Order. Such notification shall include a copy of this Stipulated
22  Protective Order; and

23      (c)  cooperate with respect to all reasonable procedures sought to be pursued by the
24  Designating Party whose Protected Material may be affected.

25      If the Designating Party timely seeks a protective order, the Party served with the
26  subpoena or court order shall not produce any information designated in this action as
27  "CONFIDENTIAL" before a determination by the court from which the subpoena or order
28  issued, unless the Party has obtained the Designating Party's permission. The Designating

20804.2                                        10

1 Party shall bear the burden and expense of seeking protection in that court of its

2 confidential material – and nothing in these provisions should be construed as authorizing

3 or encouraging a Receiving Party in this action to disobey a lawful directive from another

4 court.

5

6  9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN

7        THIS LITIGATION

8        (a)    The terms of this Order are applicable to information produced by a Non-Party

9 in this action and designated as "CONFIDENTIAL." Such information produced by Non-

10 Parties in connection with this litigation is protected by the remedies and relief provided by

11 this Order. Nothing in these provisions should be construed as prohibiting a Non-Party

12 from seeking additional protections.

13       (b)    In the event that a Party is required, by a valid discovery request, to produce a

14 Non-Party's confidential information in its possession, and the Party is subject to an

15 agreement with the Non-Party not to produce the Non-Party's confidential information,

16 then the Party shall:

17              (1)    promptly notify in writing the Requesting Party and the Non-

18 Party that some or all of the information requested is subject to a confidentiality agreement

19 with a Non-Party;

20              (2)    promptly provide the Non-Party with a copy of the Stipulated

21 Protective Order in this litigation, the relevant discovery request(s), and a reasonably

22 specific description of the information requested; and

23              (3)    make the information requested available for inspection by the

24 Non-Party.

25       (c)    If the Non-Party fails to object or seek a protective order from this court

26 within 14 days of receiving the notice and accompanying information,

27 the Receiving Party may produce the Non-Party's confidential

28 information responsive to the discovery request. If the Non-Party timely

20804.2

11

**STIPULATED PROTECTIVE ORDER**

seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. No modification of the protective order will have the force and effect of a court order unless

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

20804.2

1  the Court approves the modification. Pursuant to Federal Rule of Evidence 502(d) and (e),

2  insofar as the parties reach an agreement on the effect of disclosure of a communication or

3  information covered by the attorney-client privilege or work product protection, the parties

4  may incorporate their agreement in the stipulated protective order submitted to the court.

5

6  12.   MISCELLANEOUS

7      12.1   Right to Further Relief. Nothing in this Order abridges the right of any person

8  to seek its modification by the court in the future.

9      12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective

10  Order no Party waives any right it otherwise would have to object to disclosing or

11  producing any information or item on any ground not addressed in this Stipulated

12  Protective Order. Similarly, no Party waives any right to object on any ground to use in

13  evidence of any of the material covered by this Protective Order.

14      12.3   Filing Protected Material. Without written permission from the Designating

15  Party or a court order secured after appropriate notice to all interested persons, a Party may

16  not file in the public record in this action any Protected Material. A Party that seeks to file

17  under seal any Protected Material must comply with Civil Local Rule 79-5 and General

18  Order 62. Protected Material may only be filed under seal pursuant to a court order

19  authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local

20  Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing

21  that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise

22  entitled to protection under the law. If a Receiving Party's request to file Protected Material

23  under seal pursuant to Civil Local Rule 79-5 and General Order 62 is denied by the court,

24  then the Receiving Party may file the information in the public record pursuant to Civil

25  Local Rule 79-5 unless otherwise instructed by the court.

26

27

28

13.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  July 31, 2012          **ONE LLP**

                       By:    _/s/ John E. Lord_____
                              Attorneys for Plaintiff,
                              Mavrix Photo, Inc.

Dated:  July 31, 2012          **GORDON & REES LLP**

                       By:    _/s/ Kirstie M. Simmerman_____
                              Craig J. Mariam
                              Kirstie M. Simmerman
                              Attorneys for Defendant
                              GG Digital, Inc.

20804.2                              14

**STIPULATED PROTECTIVE ORDER**

1  PURSUANT TO STIPULATION, IT IS SO ORDERED.

2

3  DATED:  AUGUST 13, 2012

4

5                                                          **JEAN P. ROSENBLUTH**

6                                                      _____
                                                        Hon. Jean P. Rosenbluth
7                                                      United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20804.2                                    15

**STIPULATED PROTECTIVE ORDER**

EXHIBIT A

## AGREEMENT CONCERNING MATERIAL COVERED
## BY CONFIDENTIALITY AGREEMENT

1.     I have been asked by _____ or its counsel to review certain information, materials, and/or testimony that has been designated as "CONFIDENTIAL" within the terms of the Stipulated Protective Order entered in the action entitled *Mavrix Photo, Inc. v. GG Digital, Inc.,* U.S. District Court, Central District of California, Case No. SACV12-00435 JST (JPRx).

2.     I have read the aforementioned Stipulated Protective Order, and agree to be bound by it and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

3.     I agree to submit to the jurisdiction of the United States District Court, Central District of California for enforcement of the undertakings I have made.

4.     I declare, under penalty of perjury, that the foregoing is true.

Dated: _____          By: _____

Printed Name: _____

20804.2

16

**STIPULATED PROTECTIVE ORDER**